**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DEANDRE ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   25-04264 (UNA) |
| | ) | |
| | ) | |
| KEVIN F. MCCUMBER *et al*, | ) | |
| *Clerk of the U.S. House*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis*.  For the following reasons, the Court grants the application and dismisses the complaint.

I.

Plaintiff, a resident of McDonough, Georgia, sues Georgia's U.S. Senators Jon Ossoff and Raphael Warnock; U.S. House of Representatives Clerk Kevin F. McCumber and unnamed staff members; U.S. Attorney for the Northern District of Georgia Theodore Hertzberg and unnamed employees; the FBI's Field Office in Atlanta, Georgia, and unnamed employees; the U.S. Senate Judiciary Committee and unnamed staff members; the House Judiciary Committee; and the Office of the U.S. Attorney General.  In the 59-page, 245 paragraph Complaint, Plaintiff alleges that Defendants either engaged in or acted in furtherance of a criminal enterprise under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  He seeks a declaratory judgment, *see* Compl. ¶¶ 223-244, "the availability" of which "presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld,* 649 F.3d 762, 778 (D.C. Cir. 2011) (cleaned up).

Plaintiff is "the founder of a civil rights advocacy group, the United Coalition Family." Compl. ¶ 3. In May and November of 2025, Plaintiff "alerted various Federal offices of an alleged Criminal RICO Enterprise spanning across three (3) states, involving collectively over 50 state and federal officials, four (4) nongovernmental organizations and one (1) private citizen." Compl. ¶ 24. Plaintiff surmises that the "motives of this alleged criminal network were to stifle [his] civil litigation . . . due to [his] potential legal success . . . in an official proceeding challenging the constitutionality of Georgia's Municipal court authority to adjudicate state traffic offenses." *Id*. ¶ 25; *see Arnold on behalf of Arnold v. City of Hampton*, No. 1:21-cv-4970-SEG, 2023 WL 3243913 (N.D. Ga. Mar. 16, 2023) (district court granting "each of the motions to dismiss pending before it" and denying as moot Plaintiff's motion for partial summary judgment in action "against a variety of defendants connected with" Plaintiff's "conviction for a traffic violation in the Hampton Municipal Court, his ensuing probation, and some related public records requests and state court litigation"). Plaintiff's RICO claims include "but [are] not limited to, falsifying support records and court summons, simulating custody proceedings, obstruction of mail, extortion and intimidation of process servers." Compl. ¶ 92.

Plaintiff faults the Attorney General for failing to investigate his "RICO criminal complaint" asserting "multiple bona fide and prima facie meritorious claims," *id*., and to appoint a special prosecutor. *See id.* ¶¶ 45-51; 91-104. He alleges that the Atlanta FBI Office "refused delivery," *id*. ¶ 59, of his voluminous packages "containing his criminal material detailing" the "criminal 'racketeering' conspiracy," *id*., ¶ 56, and has an "*alleged* pattern, practice and policy of returning mail sent by private citizens" for various reasons, *id*. ¶¶ 80-82 (emphasis in original); *see also generally id*. ¶¶ 53-63.

As for the congressional defendants, Plaintiff faults the House for failing to receive and consider a bill he "authored" that would allow "lower courts to review *de novo* prior child support and child custody orders entered in under state processes that lacked a favorable presumption and particularized hearings to determine parental absences." *Id*. ¶ 134; *see generally id* ¶¶ 137-168.

II.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The United States, U.S. agencies, and U.S. employees performing official duties are immune from suit save "clear congressional consent[.]"[1] *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Albrecht v. Comm. on Employee Benefits of Fed. Reserve Employee Benefits Sys.*, 357 F.3d 62, 67 (D.C. Cir. 2004) (federal agencies and instrumentalities performing federal functions possess sovereign immunity) (cleaned up); *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984)

---

[1]   Although Plaintiff sues John and Jane Doe staffers in their individual capacities, Compl. ¶¶ 5, 8, 11, 12, he has not plausibly alleged that any one of them acted beyond the scope of his or her employment or statutory authority. *See* Compl. ¶¶ 142, 161-162, 168, 176, 183-184, 198 (allegations mentioning the "Doe" defendants); *cf. Navy, Marshall & Gordon, P.C. v. U.S. Intern. Development-Cooperation Agency*, 557 F. Supp. 484, 488-89 (D.D.C. 1983) (sovereign immunity does not "shield federal officers who act beyond the scope of their authority, in derogation of established constitutional and statutory principles[.]") (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (other citations omitted)); *Hunter v. Fed. Energy Reg. Comm'n*, 569 F. Supp. 2d 12, 16 (D.D.C. 2008) ("Courts will exercise their [inherent] power to review alleged *ultra vires* agency action [only] when an agency patently misconstrues a statute, disregards a specific and unambiguous statutory directive, or violates a specific command of a statute.") (citing *Griffith v. FLRA*, 842 F.2d 487, 493 (D.C. Cir. 1988)). Additionally, Plaintiff does not seek damages from the complaint, which is the only "appropriate relief" for claims against government officials sued in their individual capacities. *Tanzin v. Tanvir*, 592 U.S. 43, 49 (2020); *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (recognizing an implied cause of action under the Constitution for monetary damages against federal employees sued in their individual capacities).

(confirming immunity for government employees acting in their official capacity).  In addition, sovereign immunity generally "forecloses  . . . claims against the House of Representatives and Senate as institutions, and against members of both congressional houses acting in their official capacities, since an official capacity suit is treated as a suit against a government entity." *Judicial Watch, Inc. v. Schiff*, 474 F. Supp. 3d 305, 310 (D.D.C. 2020) (quoting *Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007) (other citations and internal quotation marks omitted)); *see also Shade v. Congress*, 2013 WL 5975978, at *1 (D.C. Cir. Oct. 15, 2013) (per curiam) (affirming dismissal of claims against "the  Congress and the U.S. House of Representatives based on absolute immunity from claims stemming from "purely legislative activities") (quoting *U.S. v. Brewster*, 408 U.S. 501, 512 (1972)).  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for [exercising] jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

III.

A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up).  Congress "has not waived" the United States' immunity "for claims brought under the RICO Act," *Klayman v. Obama*, 125 F. Supp. 3d 67, 79 (D.D.C. 2015) (citing *Norris v. Dep't of Def.*, No. 96-5326, 1997 WL 362495, at *1 (D.C. Cir. May 5, 1997) (per curiam) (other citation omitted)), and Plaintiff has not established any other basis of federal court jurisdiction.  To the extent he seeks a judgment declaring a right to an investigation, it is established that the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution.  As a general rule applicable here, such decisions are not subject to judicial review. *Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995).  Therefore, this case

will be dismissed by separate order.  *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time"

the court determines that it lacks subject-matter jurisdiction).


_____/s/_____
RUDOLPH CONTRERAS
Date: April 9, 2026                                              United States District Judge